Edward M. GAVIN, D.C., Plaintiff,

v.

MINNESOTA MUTUAL LIFE
INSURANCE COMPANY,
Defendant.

Civil Action No. 97–64–B–M1.

United States District Court,
M.D. Louisiana.

May 16, 1997.

Stephen M. Irving, Baton Rouge, LA, for plaintiff.

Warren Horn, Tristan Manthey, Bronfin & Heller, LLC, New Orleans, LA, for defendant.

## RULING OF PLAINTIFF'S MOTION TO REMAND OR ALTERNATIVELY TO DISMISS WITHOUT PREJUDICE

POLOZOLA, District Judge.

This matter is before the Court on plaintiff's motion to remand, or alternatively, to dismiss without prejudice. For reasons which follow, the motion to remand is granted.

### FACTS

Plaintiff originally filed this suit against the defendant Minnesota Mutual Life Insurance Company("Minnesota Mutual") in the Nineteenth Judicial District Court in the Parish of East Baton Rouge, State of Louisiana seeking to recover disability benefits under insurance policies underwritten by defendant. After a three day trial in January, 1996, oral reasons for judgment were rendered on July 29, 1996 and entered on October 17, 1996 by Judge Janice Clark. The state court found that plaintiff was "disabled," within the meaning of the term in the insurance policies, and awarded him benefits for the seventy-two month period ending December, 1992. The Court reserved to a supplemental proceeding under La. C.C.P. art. 1878 the issue of whether defendant was entitled to any earned income off-set (as defined by the policies) after the seventy-second ("72nd") monthly benefit ending December, 1992. Defendants filed a motion for new trial which Judge Clark denied.

Thereafter, plaintiff filed suit in the Nineteenth Judicial District Court on January 2, 1997 seeking a declaration that defendant is not entitled to an earned income off-set as reserved by Judge Clark above. In addition, plaintiff sought a permanent mandatory injunction commanding defendant to pay plaintiff the policy benefits that he is due from December, 1992 through the rest of his life. The issue of whether defendant has an obligation to pay policy benefits from December, 1992 through the rest of his life is a new issue between the parties, and was not reserved by Judge Clark in her ruling in the first trial.

Defendant removed the second suit to federal court on January 24, 1997 on the basis of

diversity jurisdiction. Plaintiff timely filed a motion to remand on February 24, 1997 based on two arguments: (1) the removal was untimely; and, (2) this Court should abstain under *Colorado River Water Cons. Dist. v. United States.*[1] The Court will first discuss whether it should abstain under *Colorado River.*

## ANALYSIS

### 1. *Colorado River Abstention*

Plaintiff argues this Court should abstain from hearing this suit under *Colorado River* and remand this case back to the Nineteenth Judicial District Court. The Fifth Circuit in *St. Paul Ins. Co. v. Trejo*[2] summarized the principles underlying *Colorado River* abstention as follows:

> *Colorado River* identified four factors that a district court should consider when determining whether "exceptional circumstances" overcome its general duty to exercise jurisdiction. These factors are: (1) whether another court has assumed jurisdiction over property, (2) whether the federal forum is inconvenient, (3) whether it is desirable to avoid piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums. Later in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,[3] ... the Supreme Court added two additional factors to the *Colorado River* test. These factors are: (1) whether the federal law provides the rule of decision and (2) whether the state court proceedings are inadequate to protect the federal plaintiff's rights. In *Moses Cone*, the Court stressed the very limited nature of abstention under the *Colorado River* doctrine and noted that a decision to dismiss did not rest on "a mechanical checklist, but on a careful balancing of the important factors as they apply

in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[4]

The *Trejo* court also explained that

> [u]nlike the first four factors, [the] two [*Moses Cone*] factors were not added as considerations to weigh against retaining jurisdiction. Instead, these two factors provide additional reasons for retaining jurisdiction. For example, while the presence of a federal-law issue is an additional reason for retaining federal jurisdiction, the lack of such an issue would not, alone, be a sufficient reason to abstain.[5]

Under the facts of this case, it is clear that *Colorado River* abstention applies herein. The two issues set forth in the suit filed by the plaintiff on January 2, 1997 are: (1) whether defendant is entitled to an earned income off-set; and, (2) whether plaintiff is entitled to benefits under the insurance policies from December, 1992 through the rest of his life. Insofar as the first issue is concerned, Judge Clark stated that she "was unable to determine whether Dr. Gavin had any earned income for the purpose of computing an earned income adjustment after the 72nd monthly benefit which was due December 24, 1992." Judge Clark further stated "[t]hat issue is reserved so that either party may address it at a later date by Petition for Supplemental Relief under La. C.C.P. art. 187[8]."[6] Thus, this issue was litigated before a state court judge in the January, 1996 trial; however, Judge Clark did not have enough facts to rule on the issue. Allowing defendants to litigate this issue in this Court would clearly result in piecemeal litigation under *Colorado River* and would be a waste of judicial time and resources.

The issue of whether Dr. Gavin is entitled to benefits from December, 1992 to the end

---

**1.** 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

**2.** 39 F.3d 585 (5th Cir.1994).

**3.** 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

**4.** *Trejo,* 39 F.3d at 589 (quoting *Moses Cone,* 460 U.S. at 15–17, 103 S.Ct. at 937).

**5.** *Trejo,* 39 F.3d at 589 n. 4 (citing *Moses Cone,* 460 U.S. at 25–26, 103 S.Ct. at 942).

**6.** Defendant's Memorandum in Support of Opposition to Motion to Remand ("Def.'s Memo"), Exhibit B, p. 1.

of his life was not litigated by the parties in the January, 1996 trial, but the issue will require a federal judge to review and interpret the insurance policies in which Judge Clark is intimately familiar. Allowing defendants to litigate this issue in federal court would also result in piecemeal litigation under *Colorado River.*

In addition, the factors set forth in *Moses Cone* do not mitigate in favor of this Court retaining jurisdiction. First, federal law does not apply in this case since the issues in this case involve a contractual dispute governed by Louisiana contract law and the Louisiana Insurance Code. Second, the state court proceedings are clearly adequate to protect the federal court plaintiff's rights since Dr. Gavin won the original suit in state court. Retaining jurisdiction in this Court is a complete waste of judicial resources and causes the parties to incur excess expenses. To allow this case to remain in federal court would only sanction forum shopping. In the original suit, the defendant consented to state court jurisdiction and lost the case. Defendant is clearly unsatisfied with having the initial judgment rendered against it, and is hoping to obtain a different result in federal court in the second suit. Such forum shopping will not be countenanced by the Court. The Court is confident the Louisiana state courts will render fair and impartial decisions on both the district and appellate levels.

The Court finds that under the facts set forth above, "exceptional" circumstances exist in this case which warrant abstention under *Colorado River.*

### 2. *Timeliness of Removal*

Because the Court finds it should abstain under *Colorado River,* the Court will not determine whether the removal was timely under the facts of this case.

### 3. *Conclusion*

It is evident to the Court that *Colorado River* applies in this case to avoid piecemeal litigation and the waste of judicial resources.

Therefore:

IT IS ORDERED that plaintiff's motion to remand be and it is hereby granted pursuant to 28 U.S.C. § 1447(d). This suit shall be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.